Teresa H. Michaud (296329)
  teresa.michaud@bakermckenzie.com
**BAKER & McKENZIE LLP**
1901 Avenue of the Stars, Suite 950
Los Angeles, California  90067
Telephone: +1 310 201 4728
Facsimile:   +1 310 201 4721

Colin H. Murray (159142)
  colin.murray@bakermmckenzie.com
Alexander G. Davis (287840)
  alexander.davis@bakermckenzie.com
Anne M. Kelts (298710)
  anne.kelts@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA  94111-3802
Telephone: +1 415 576 3000
Facsimile: +1 415 576 3099

Attorneys for Defendant
CRRC CORPORATION LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUN GROUP U.S.A. HARMONY CITY, INC., <br><br> Plaintiff, <br><br> v. <br><br> CRRC CORPORATION LTD., <br><br> Defendant. | **Case No.  3:17-cv-02191-SK** <br><br> **AFFIDAVIT OF LEGAL EXPERT JINHUA WEI IN SUPPORT OF DEFENDANT CRRC CORPORATION LTD.'S APPLICATION TO APPLY THE HAGUE EVIDENCE CONVENTION TO DISCOVERY OF FOREIGN-LOCATED EVIDENCE** <br><br> **Hearing Date:  October 7, 2019** <br> **Time:             1:30 p.m.** <br> **Crtrm:           C, 15th Floor** <br><br> **Trial Date:     April 27, 2021** <br><br> **Judge:          The Hon. Sallie Kim** |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

Case No. 3:17-cv-02191-JSC
AFFIDAVIT OF EXPERT IN SUPPORT OF DEF CRRC CORP'S APPLICATION TO APPLY THE HAGUE EVIDENCE CONVENTION

# Affidavit re Investigation and Discovery by Foreign Institutions and/or Individuals within the Territories of the People's Republic of China

## I.   Personal Background and Qualifications

1.   I am an lawyer of Beijing Zhonglun W&D Law Firm (address: Jintai Tower, No.1 Xibahenan Road, Chaoyang District, Beijing). I started to practice law in the year of 2004. I am a licensed PRC lawyer and my license number is 11101200111769784.

2.   I graduated and received my LLM from China University of Political Science and Law.

3.   I started to work at Beijing Huacheng Law Firm, and joined Beijing Zhonglun W&D Law Firm in 20007.

4.   As stated below, I was requested by the Defendant CRRC Corporation Ltd. ("CRRC") to opine on certain issues relating to the relevant laws of the People's Republic of China ("PRC" or "China") regarding （Case No.：3：17-cv-02191-SK） （the "Case"） of Sun Group U.S.A Harmony City, Inc. v. CRRC Corporation Ltd.） .

5.   I have not had any prior contacts with either of the parties in the case. Although I was retained by the Defendant, I fully understand my responsibility as an expert witness, that I shall only base on my knowledge and experience to provide opinions in an impartial manner.

6.   The original language of this Affidavit is issued Chinese. If I were to be called to testify, I will be testifying in Chinese and assistance of an interpreter will be needed.

## II.   Questions propounded to me for my opinions:

7.   I have been requested to provide opinions on the following issues relating to

*Translator's notes: Translator's inline notes are bracketed for identification; pagination may be different than the original document. Footnotes are according to the placement of the English language which may be on different pages due to length difference in languages.*

PRC laws：

   a.  Whether a foreign authority or individual could, without permission from the competent authorities of China, conduct an investigation or conduct discovery within the territory of China, and submit such evidence in foreign civil litigation process?

   b.  How should a party of a US civil litigation obtain evidence that is within the territory of China?

   c.  Whether a Chinese organization, institution and/or individual could, without the permission from the competent authorities of PRC, provide evidence at its/his/her own volition to foreign authorities for use in a foreign civil litigation proceeding?

## III. Conclusion

8.   My Opinions are summarized as follows:

   a.  Without the permission of the competent authorities of the People's Republic of China, foreign organs or individuals shall not conduct investigations and discovery in the territory of the People's Republic of China and/or use such evidence for foreign civil proceedings. Requests for judicial assistance from China to provide judicial assistance in an investigation and/or discovery shall be conducted in accordance with the channels prescribed by the international treaties concluded or acceded to by the People's Republic of China.

   b.  The party requesting discovery in a civil litigation cases in the United States shall ascertain evidence in the Chinese territories through the channels prescribed in the *Convention on the Taking of Evidence Abroad in Civil or Commercial Matters* (hereinafter referred to as the *Hague Evidence Convention*).

   c.  Without the permission of the competent authorities of the People's Republic of China, no organizations, institutions and/or individuals within the territories of China shall provide evidence at its/his/her own volition for use

*Translator's notes: Translator's inline notes are bracketed for identification; pagination may be different than the original document. Footnotes are according to the placement of the English language which may be on different pages due to length difference in languages.*

in civil proceedings abroad, otherwise, it will be in violation of the Chinese
law.

9.  I have provided these opinions based on my studies of Chinese laws and
precedence, and years of experience in my legal practice in China.

## IV. Detail Analysis and Opinions

**A.  Without the permission of the competent authorities of the People's Republic
of China, foreign organs and/or individuals shall not conduct investigations
and/or discovery in the territories of the People's Republic of China and use
such evidence for civil proceedings abroad.**

10.  Article 277 of the *Civil Procedure Law of the People's Republic of China*
(hereinafter referred to as the "*Civil Procedure Law*") provides for requests
and to provide judicial assistance for foreign organs and/or individuals to
conduct investigation and discovery in its original text as follows:
"Requests and to provide judicial assistance to conduct investigation and
discovery in the China's territories shall be in accordance with the
provisions of the international treaties concluded or acceded to by the
People's Republic of China; absence of such treaties, shall be conducted
through diplomatic channels.
Foreign embassies and consulates in the People's Republic of China may
serve documents and investigate and obtain evidence to and from their own
citizens , but they may not violate the laws of the People's Republic of China
or take compulsory measures.
Except as provided in the aforementioned paragraph, no foreign organs or
individuals may serve documents, investigate and/or conduct discovery
within the territories of the People's Republic of China without the
permission of the competent authorities of the People's Republic of China."

11.  Pursuant to the provisions of this article, except for foreign embassies and
consulates in the People's Republic of China may serve documents and
investigate and obtain evidence to and from their own citizens, foreign
organs and individuals shall conduct investigations and/or discovery in the
Chinese territories through the following channels:

*Translator's notes: Translator's inline notes are bracketed for identification; pagination may be different than the
original document. Footnotes are according to the placement of the English language which may be on different
pages due to length difference in languages.*

    a.    By channels prescribed according to the international conventions or bilateral treaties to which China has concluded or acceded to.

    b.    Through diplomatic channels.

12.  At the same time, pursuant to the explicit provision under paragraph 3 of the article, no foreign organs or individuals may serve documents, investigate and/or conduct discovery within the territories of the People's Republic of China without the permission (refer to paragraph 22 below for definition) of the competent authorities of the People's Republic of China.

13.  The provisions above have been established in the Civil Procedure Law and in force since 1991. Since then, the Civil Procedure Law has been amended several times, and the above provisions have not been changed.

14.  Therefore, in civil litigation cases involving the United States, foreign organs or individuals shall investigate and conduct discovery in China in accordance with the channels prescribed by international treaties concluded or acceded to by China. Without the permission of the competent authorities of the People's Republic of China, foreign organs or individuals may not conduct investigations and conduct discovery in the territory of the People's Republic of China.

15.  China's legislature and judicial organs have made it clear that investigations and collecting evidence in China by foreign institutions and/or individuals concerns to China's sovereignty and independence of the judicial system and is the jurisdiction of Chinese courts. No foreign organ or individual may engage in such activities within the territory of China unless permitted by law:

    a.  On December 16, 2000, in the Legal Question Answer and Interpretation ("National People's Congress Interpretation") published on the official website of the National People's Congress of China, it was explicitly pointed out that "whether foreign organs and individuals can serve legal documents, investigate and conduct discovery or conduct other lawsuit acts in the territories of our country", "serve legal documents, investigate and conduct discovery or conduct other acts of litigation are part of the trial activities of

*Translator's notes: Translator's inline notes are bracketed for identification; pagination may be different than the original document. Footnotes are according to the placement of the English language which may be on different pages due to length difference in languages.*

the People's Courts of China, which concerns with the sovereignty of a country and the independence of the judicial system. Therefore, no foreign organ or individual can engage in these activities in the territories of our country without legal permission. [1]

b. The Supreme People's Court also explicitly stated in the Notice on Termination of the Agreement on Judicial Assistance between Local Courts and Foreign Courts of Justice: "Judicial Assistance (including... Investigation and Evidence Collection) concerns the judicial sovereignty of the country. According to the relevant provisions of the *Procedural Law of the People's Republic of China on the Concluding of Treaties*, the negotiation and conclusion of mutual legal assistance agreements with foreign countries can only be signed in the name of the State or Government, or by organs authorized by the State or Government, and must be submitted to the State Council for examination and approval, and submitted to the Standing Committee of the National People's Congress for approval. [2]

16. Under the Chinese judicial system, if one party cannot conduct discovery on its own for objective reasons, and has to investigate and conduct discovery from the other party or third party, it should file an application to the court. The filing of an application is part of the court's judicial activities. Even for civil proceedings in China, such investigations and discovery must be carried out through the court.

17. First of all, according to the *Civil Procedure Law* and the *Interpretation of the Supreme People's Court on the Application of the Civil Procedure Law of the People's Republic of China* (hereinafter referred to as the *Interpretation of the Civil Procedure Law*), when one party is unable to conduct discovery on its own for objective reasons and so has to investigate and conduct discovery from the other party or third party, then it is necessary to apply to the court for review and permission. The collection should be done by the court. Such investigation and discovery jurisdiction of the court:

---

[1] http://www.npc.gov.cn/npc/c2277/200012/28afbb3c0e3349c096b069864eccdc64.shtml

[2] Notice of the Supreme People's Court on Termination of the Agreement on Judicial Assistance between the Local Court and the Judicial Departments of Foreign Courts of Justice (Law [1995] 4), issued on 28 January 1995.

*Translator's notes: Translator's inline notes are bracketed for identification; pagination may be different than the original document. Footnotes are according to the placement of the English language which may be on different pages due to length difference in languages.*

Certified Translation

a. According to Article 64[3], paragraph 2, of the Civil Procedure Law, Article 94[4] and Article 95[5] of the Interpretation of the Civil Procedure Law, if the parties are unable to conduct discovery by themselves for objective reasons, they may apply in writing to the People's Court for investigation and collection. Whether or not to conduct investigations and collect them shall be decided by the People's Court after examination. According to Article 130[6] of the Civil Procedure Law, after the People's Court grants the application of the parties, the court personnel will investigate and conduct discovery.

b. In accordance with Article 112[7] of the *Interpretation of the Civil Procedure Law*, if the documentary evidence is under the control of one party, the other party may apply in writing to the People's Court for the order of the other party to submit it. The People's Court shall also examine the case. If the reason for the application has been established, the People's Court shall order the other party to submit it. According to the opinion of the Supreme People's Court of China, the court should make a formal procedural decision (ruling).

---

[3] Paragraph 2 of Article 64 of the Civil Procedure Law of the People's Republic of China: "The people's court shall investigate and conduct discovery if the parties and their agents cannot collect at their own volition for objective reasons, or if the people's court believes it is necessary to collect certain evidence."

[4] Article 94 of the Interpretation of the Supreme People's Court on the Application of the Civil Procedure Law of the People's Republic of China: "Evidence that the parties and their agents cannot collect at their own volition for objective reasons, as stipulated in Article 64, paragraph 2, of the Civil Procedure Law of the People's Republic of China, includes:

(1) Evidence are kept by the relevant state authorities, and the parties and their agents ad litem shall not have the right to consult and obtain it;
(2) involving state secrets, business secrets or personal privacy;
(3) Other evidence that the parties and their litigant agents are unable to collect at their own volition for objective reasons.

If the parties and their litigant agents are unable to conduct discovery at their own volition for objective reasons, they may apply in writing to the people's court for investigation and collection before the expiration of the time limit for proof.

[5] Article 95 of the Interpretation of the Supreme People's Court on the Application of the Civil Procedure Law of the People's Republic of China: "If the evidence collected by a party applying for investigation has nothing to do with the facts to be proved, is not meaningful for proving the facts to be proved or is necessary for collecting other facts without investigation, the people's court shall not grant permission."

[6] Article 130 of the Civil Procedure Law of the People's Republic of China: "When a court personnel is sent by a people's court to conduct an investigation, he or she shall present his or her certificate to the person under investigation.
    The transcript of the investigation shall be checked by the investigated person and signed or sealed by the investigated person and the investigator."

[7] Article 112 of the Interpretation of the Supreme People's Court on the Application of the Civil Procedure Law of the People's Republic of China: "If documentary evidence is under the control of the other party, the party bearing the burden of proof may apply in writing to the people's court before the expiration of the time limit for proof to order the other party to submit it.
    Where the reasons for the application are valid, the people's court shall order the other party to submit the application. The expenses arising from the submission of documentary evidence shall be borne by the applicant. If the other party refuses to submit the documents without justified reasons, the people's court may determine that the contents of the documentary evidence claimed by the applicant are true."

*Translator's notes: Translator's inline notes are bracketed for identification; pagination may be different than the original document. Footnotes are according to the placement of the English language which may be on different pages due to length difference in languages.*

18. From the provisions of the aforementioned Chinese laws, the laws provide strict provisions regardless if the lawsuits are domestic and/or foreign on investigations and collecting evidence in civil proceedings.

**B. Evidence-gathering parties in civil proceedings in the United States shall request evidence located in China through the channels provided for in the *Hague Evidence Convention***

19. As mentioned earlier, according to the provisions of the *Civil Procedure Law*, foreign organs and individuals shall conduct investigations and discovery in China in accordance with conventions or bilateral treaties concluded or acceded to by China. China acceded to the Hague Evidence Convention in 1997, and the Convention has been in force between China and the United States. Therefore, there has not been any bilateral civil and/or business matter treaties concluded regarding discovery between China and the United States. Accordingly, the discovery party in a United States civil litigation should request evidence located in the territories of China through the channels prescribed by the Hague Evidence Convention.

20. Article 1 of the Hague Evidence Convention provides that "in civil or commercial cases, the judicial organs of each Contracting State may, in accordance with the law of that State, request the competent authorities of another Contracting State to obtain evidence or perform certain other judicial acts by means of a request." China has made only limited reservations to the Hague Evidence Convention Collection under the application of China. [8]

21. In China, the Ministry of Justice is the central organ responsible for receiving and transferring requests for foreign judicial assistance. [9] International Legal Cooperation Center (ILCC) of the Ministry of Justice is the specific undertaking

---

[8] The Decision of the Standing Committee of the National People's Congress on China's Accession to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters: "2. According to the declaration in Article 23 of the Convention, requests for pre-trial documentation investigation in common law countries are only executed for documents listed in the request and directly related to the case; 3. According to Article 33 of the Convention, the provisions of Chapter II of the Convention shall not apply except Article 15."

[9] Article 1 of the Decision of the Standing Committee of the National People's Congress on China's Accession to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters: "In accordance with Article 2 of the Convention, the Ministry of Justice of the People's Republic of China is designated to be responsible for receiving requests from the judicial organs of another State Party and forwarding them to the host of execution requests." The central organ of the competent authority."

7

*Translator's notes: Translator's inline notes are bracketed for identification; pagination may be different than the original document. Footnotes are according to the placement of the English language which may be on different pages due to length difference in languages.*

institution. [10]  The People's Court is the competent organ specifically responsible for the execution of requests for foreign judicial assistance. [11]  The Supreme People's Court administers the work of international judicial assistance of People's Courts at all levels throughout the country. [12]  The Foreign Affairs Bureau of the Supreme People's Court is the body in charge of judicial assistance set up by the Supreme Court. [13]  In principle, the establishment of a high People's Court of a foreign affairs office can centralize the administration of international judicial assistance affairs in its jurisdiction. [14]

22.  The States Parties to the Hague Evidence Convention shall, in accordance with the requirements of the Convention, prepare a request and provide relevant materials, and submit the request to the Ministry of Justice of China. After receiving foreign applications for investigation and discovery, the Ministry of Justice of China conducts preliminary examination in accordance with the provisions of the Convention and relevant provisions of domestic law. The specific operation is as follows: (1) The foreign requester sends the request to the ILCC of the Ministry of Justice of China in accordance with the provisions of conventions or treaties. (2) The Mutual Legal Assistance Exchange Center of the

---

[10]  See the statement issued by the website of the Ministry of Justice of China on August 2, 2011, "The Hague Conference on Private International Law has listed the Judicial Assistance Exchange Center as the undertaking agency of the central organ of China's civil and commercial judicial assistance on its official website":
http://www.moj.gov.cn/organization/content/2011-08/02/jlzxxwdt_7230.html
At the same time, see the information of China's central authorities published on the website of the International Association of Justice in The Hague:
https://www.hcch.net/en/states/authorities/details3/?aid=490

[11]  "Summary of the Supreme People's Court Symposium on Judicial Assistance of National Courts" (Law [1996] 9), Article 1: "... Judicial assistance by the people's courts is an important task entrusted to the people's courts by law. According to the law, the people's courts are the competent organs for judicial assistance.

[12]  Article 6 of the Provisions of the Supreme People's Court on the Service of Judicial Documents in Civil and Commercial Cases and the Request for Judicial Assistance in Investigation and Evidence Collection in accordance with International Conventions and Bilateral Judicial Assistance Treaties (Interpretation of Law [2013] 11): "The Supreme People's Court administers the work of international judicial assistance of people's courts at all levels throughout The Higher People's Court shall determine a department to administer the international judicial assistance of the people's courts at all levels within its jurisdiction and designate a special person to be responsible for it. Intermediate people's courts, district people's courts and special courts empowered to accept foreign-related cases shall designate special persons to administer international judicial assistance; if conditions permit, a department may be designated to administer international judicial assistance at the same time."

[13]  "Summary of the Supreme People's Court Symposium on Judicial Assistance of National Courts" (Law [1996] 9), Article 2: "... The Supreme People's Court has made it clear that the Foreign Affairs Bureau is responsible for judicial assistance. The higher people's courts, in accordance with their respective actual conditions, should also clarify the centralized management by an institution.

[14]  Article 4 of the Provisions of the Beijing Higher People's Court on International Judicial Assistance in Civil and Commercial Matters: "According to the requirements of the Supreme Court, the international judicial assistance work of the courts at all levels in Beijing shall be under the principle of centralized and unified management and exclusive responsibility. The Foreign Affairs Office of the High Court is the unified and centralized administrative department of the international judicial assistance of the courts at all levels of the city;..."

*Translator's notes: Translator's inline notes are bracketed for identification; pagination may be different than the original document. Footnotes are according to the placement of the English language which may be on different pages due to length difference in languages.*

Ministry of Justice carries out a preliminary examination: if problems are found, a letter of reply is returned to the requesting party; if the requirements of conventions or treaties are met, the requesting materials are forwarded to the competent authorities of China, i.e. the courts. (3) Requests for judicial assistance shall be executed by the court system of China. After the execution, the court will feedback the execution results to the Judicial Assistance Exchange Center of the Ministry of Justice. (4) The Judicial Assistance Exchange Center of the Ministry of Justice produces official certificates describing the results of the requests and revert to the requesting party. [15] After preliminary examination and compliance with the provisions, the Ministry of Justice will transfer the relevant materials to the Supreme People's Court, which is responsible for the implementation of the court system.

23. The Supreme People's Court of China is responsible to review relevant materials forwarded from the Ministry of Justice. Pursuant to the provisions in the law, if approved by the unified administration of international judicial assistance of the Supreme People's Court, the administration shall generate a transfer letter and forward the request and attachments to the unified administration of international judicial assistance of the High People's Court where the evidence or witness(es) is/are located. After receiving the request for investigation and discovery forwarded by the Supreme People's Court, the unified administrative department of international judicial assistance of the High People's Court shall conduct further examination in conjunction with the judicial department of the High People's Court. If it considers that assistance can be provided after examination, it shall make a transfer letter and transmit the evidence together with the request and its annex I or the intermediate or grass-roots People's Courts in the place where the witness is located for examination and processing. If the Higher People's Court considers it is more appropriate to directly handle such matters, it may do so directly. [16] If the application is approved, it will be transferred to a

---

[15]  See Overview of Judicial Assistance in Civil and Commercial Matters issued by the Ministry of Justice of the People's Republic of China on December 17, 2014

http://www.moj.gov.cn/organization/content/2014-12/17/jlzxxwdt_7237.html

[16]  Rules for the Implementation of the Provisions on the Service of Judicial Documents in Civil and Commercial Cases and the Request for Judicial Assistance in Investigation and Evidence Collection in accordance with International Conventions and Bilateral Judicial Assistance Treaties (Trial Implementation) (No. 6 of Fa [2013]):

"Article 36 If the unified administrative department of international judicial assistance of the Supreme People's Court has passed the examination, it shall make a transfer letter and transmit the evidence or the unified administrative department of international judicial assistance of the High People's Court where the witness is located together with the request and its annex I. If the witness or evidence in the same request for investigation

9

*Translator's notes: Translator's inline notes are bracketed for identification; pagination may be different than the original document. Footnotes are according to the placement of the English language which may be on different pages due to length difference in languages.*

lower court for execution. The request for investigation and discovery shall be handled by judges of corresponding judicial departments. [17]

**C.   The U.S. government is well aware that when a party fails to investigate and conduct discovery in China in accordance with the channels prescribed by the Hague Evidence Convention will be in violation of Chinese law.**

24.   According to the foregoing, it is explicitly prohibited by Chinese law when an evidence collecting party in a U.S. civil litigation conducts investigation and collects evidence in China at its own volition without the permission of the competent Chinese authorities.

25.   The U.S. government is well aware of the illegality and its consequence of such conduct.    In one of its publications (the latest version is dated May 1, 2019) [18], the U.S. Department of State - Bureau of Consular Affairs announced that:

"China does not permit attorneys to take depositions in China for use in foreign courts. Under its Declarations and Reservations to the Hague Evidence Convention and subsequent diplomatic communications, China has indicated that taking depositions, whether voluntary or compelled, and obtaining other evidence in China for use in foreign courts may, as a general matter, only be accomplished through requests to its Central Authority under the Hague Evidence Convention. Consular depositions would require permission from the Central Authority on a case by case basis and the Department of State will not authorize the involvement of consular personnel in a deposition without that permission. Participation in

---

and discovery is located in the jurisdiction of different high people's courts, the Supreme People's Court may designate one of the high people's courts to handle it uniformly. If necessary, the relevant high people's courts shall give necessary assistance.

Article 37 The unified administrative department of international judicial assistance of the Higher People's Court shall, after receiving the request for investigation and discovery forwarded by the Supreme People's Court, examine it further with the judicial department of the Court. If it considers that assistance can be provided after examination, it shall make a transfer letter and transmit the evidence together with the request and its annex I or the intermediate or grass-roots people's courts in the place where the witness is located for examination and processing. If the Higher People's Court considers that it is more appropriate for the Court to handle the matter, it may do so directly."

[17]  Article 8 of the Provisions of the Beijing Higher People's Court on International Judicial Assistance in Civil and Commercial Affairs: "... If a foreign judicial organ requests to conduct discovery on behalf of an investigation, it shall be handled uniformly by the Trial Chambers of the Commercial High Court of the Foreign Affairs Office of the High Court."

[18]https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html

*Translator's notes: Translator's inline notes are bracketed for identification; pagination may be different than the original document. Footnotes are according to the placement of the English language which may be on different pages due to length difference in languages.*

such activity could result in the arrest, detention or deportation of the U. S. attorneys and other participants . "

26. In addition, the aforementioned interpretation of the National People's Congress explicitly states that "the act of serving legal documents and investigating and collecting evidence is invalid in violation of the provisions of the *Civil Procedure Law*." [19]  Accordingly, if an extraterritorial judgment based on evidence obtained in violation of the Hague Evidence Convention is to be applied for recognition and enforcement in China in the future, the Chinese courts, in accordance with the Civil Procedure Law and the Hague Evidence Convention Collection, may find that the evidence acquisition procedure violates Chinese law, thus denying recognition and enforcement of the judgment.

**D.   The provisions of Chinese Laws on the submission of evidence and documents to abroad proceedings by institutions, organizations and individuals within the territories of China**

27. The aforementioned Chinese Civil Procedure Law and the Hague Evidence Convention have in fact stipulated that parties in U. S. civil cases must obtain evidence from institutions, organizations and individuals in China through the Hague Evidence Convention Collection, which is the only legal way for them to obtain evidence in China. If the institutions, organizations and individuals in China submit evidence to the discovery party at their own volition, it will lead to the evidence that the propounding discovery party can obtain without going through the Hague Convention. In effect, it will lead to the circumvention from the Civil Procedure Law of Chinese law.

28. Regarding whether institutions, organizations and individuals within the territories of China can submit evidence and documents abroad at their own volition, China has further clarified and reiterated the International Criminal Justice Assistance Law (hereinafter referred to as the "Criminal Assistance Law") promulgated in October 2018.

29. Article 4, paragraph 3 of the Criminal Assistance Law explicitly stipulates that any foreign institutions, organizations and individuals shall not conduct

---

[19]  See Note 6

*Translator's notes: Translator's inline notes are bracketed for identification; pagination may be different than the original document. Footnotes are according to the placement of the English language which may be on different pages due to length difference in languages.*

Certified Translation

discovery in the People's Republic of China and that institutions, and for organizations and individuals within the territory of China to provide evidence to foreign countries, as follows: "without the consent of the competent authorities of the People's Republic of China, foreign institutions, organizations and individuals shall not conduct any criminal litigation activities stipulated in these provisions within the territories of the People's Republic of China. And, Institutions, organizations and individuals within the territory of the People's Republic of China shall not provide evidence materials and/or assistance to foreign countries as stipulated in this Law." [20]

30. Although the aforementioned provisions are restrictive provisions for criminal judicial assistance, in fact, they are reiterations and further clarifications of previous Chinese laws on judicial assistance (whether in civil or criminal cases), namely, judicial assistance should be carried out through bilateral government channels between the two countries, and private individuals shall not provide or carry out judicial assistance. Without permission, foreign institutions or individuals shall not engage in investigative and/or discovery activities in the territories of China; and, institutions, organizations and/or individuals within the territories in China shall not offer evidential materials or judicial assistance to foreign countries at their own volition.

I confirm that the foregoing is my true and professional opinions.

Issued in Beijing, China
August 20, 2019

[Signed]

_____

WEI,  Jinhua

*Translator's notes: Translator's inline notes are bracketed for identification; pagination may be different than the original document. Footnotes are according to the placement of the English language which may be on different pages due to length difference in languages.*

## CERTIFICATION OF MIMI S. J. LAIN

### 450 TARAVAL STREET PMB#232

### SAN FRANCISCO, CA 94116

I, Mimi S. J. Lain, declare that I am a professional interpreter/translator of the Chinese Language and the English Language. I am certified as required by Section 751(d) of the California Evidence Code, which requires an interpreter/translator to be certified or registered in accordance with Article 4 of Chapter 2 of Title 8 of Section 68560 of the California Government Code. My valid certification number with the Judicial Council of California is 301079.

 I have personally translated and/or proofread the following document:

      Opinion of WEI, Jinhua dated August 20, 2019

I hereby certify that the translation from Chinese to English is accurate, complete and faithful to the best of my abilities.


I declare under penalty of perjury that the forgoing is true and correct, and this Declaration was executed in San Francisco, CA on August 21, 2019.



                            Mimi S. J. Lain
                          Certified Court Interpreter

# ORIGINAL EXPERT AFFIDAVIT

# 关于外国机构和个人在中国领域内进行调查取证问题的

# 声　明

## 一、个人背景及资格

1. 本人在中华人民共和国北京市中伦文德律师事务所（地址：北京市朝阳区西坝河南路 1 号金泰大厦）执业，自 2004 年开始执业，持有中国律师执业证，执业证号为 11101200111769784。

2. 本人毕业于中国政法大学，获得法学硕士学位资格。

3. 本人 2004 年加入北京市华城律师事务所，2007 年加入北京市中伦文德律师事务所。

4. 如下所述，就案件 Sun Group U.S.A Harmony City, Inc v CRRC Corporation Ltd （案件号：3：17-cv-02191-SK）（下称"本案"），被告中国中车股份有限公司（下称"中车公司"）请我就本案中涉及的中国法相关问题出具意见。

5. 本人此前与本案任何一方均没有关系。虽然我被被告聘请，但是我清楚作为一位专家证人，我仅应当根据我的知识和经验出具一份公正的意见。

6. 本声明以中文出具。如有需要，本人将以中文作证，因此作证时需要翻译。

## 二、我被要求回答的问题

7. 我就以下涉及中国法的问题发表意见：

   a. 在未经中华人民共和国主管机关准许的情况下，外国机关或者个人能否在中华人民共和国领域内进行调查取证，将证据用于境外的民事诉讼程序？

   b. 美国民事诉讼当事人应当通过何种途径获取位于中国领域内的证据？

   c. 在未经中华人民共和国主管机关准许的情况下，中国境内的组织、机构和个人能否主动向境外提供证据，用于境外的民事诉讼程序？

### 三、结论

8. 我的意见概括如下：

    a. 在未经中华人民共和国主管机关准许的情况下，外国机关或者个人不得在中华人民共和国领域内进行调查取证，将证据用于境外的民事诉讼程序。请求中国提供司法协助进行调查取证应当依照中华人民共和国缔结或者参加的国际条约所规定的途径进行。

    b. 美国民事诉讼案件的取证一方应当通过《关于从国外调取民事或商事证据的公约》（下称"《海牙取证公约》"）规定的途径获取在中国领域内的证据。

    c. 在未经中华人民共和国主管机关准许的情况下，中国境内的组织、机构和个人不能主动向境外提供证据，用于境外的民事诉讼程序，否则将违反中国法律。

9. 本人基于对中国法律、案例的研究，以及在中国多年的法律执业经验发表上述意见。

### 四、具体分析意见

**A. 在未经中华人民共和国主管机关准许的情况下，外国机关或者个人不得在中华人民共和国领域内进行调查取证，将证据用于境外的民事诉讼程序**

10. 《中华人民共和国民事诉讼法》（下称"《民事诉讼法》"）第 277 条对外国机关或个人在中国领域内调查取证作出了规定，其原文如下：
    "请求和提供司法协助，应当依照中华人民共和国缔结或者参加的国际条约所规定的途径进行；没有条约关系的，通过外交途径进行。
    外国驻中华人民共和国的使领馆可以向该国公民送达文书和调查取证，但不得违反中华人民共和国的法律，并不得采取强制措施。
    除前款规定的情况外，未经中华人民共和国主管机关准许，任何外国机关或者个人不得在中华人民共和国领域内送达文书、调查取证。"

11. 根据该条的规定，除了外国驻中国使领馆可以向本国公民取证外，外国机关和个人在中国境内调查取证，应当通过以下方式进行：

    a. 通过中国缔结或参加的国际公约或者双边条约规定的途径进行；

b. 通过外交途径进行。

12. 同时该条第三款明确规定，未经中国主管机关（定义见以下第 22 段）准许，任何外国机关或者个人不得在中国领域内送达文书、调查取证。

13. 上述规定自 1991 年就已经在当时有效的《民事诉讼法》中确立。此后《民事诉讼法》经过历次修订，上述规定均未发生过变化。

14. 因此，在涉及美国的民事诉讼案件中，外国机关或者个人在中国境内调查取证，应当依照中国缔结或者参加的国际条约所规定的途径进行。在未经中华人民共和国主管机关准许的情况下，外国机关或者个人不得在中华人民共和国领域内进行调查取证。

15. 中国的立法机关及司法机关均明确表示，境外机构或个人在中国境内调查取证，关系到中国的主权和司法制度的独立，属于中国法院司法权限的一部分，非经法律许可，任何外国机关和个人不得在中国境内从事该等活动：

a. 2000 年 12 月 16 日，中国全国人大官方网站上刊登的法律问答与释义（"全国人大释义"）中，就"外国机关和个人可否在我国领域内送达法律文书、调查取证或者进行其他诉讼行为"这一问题明确指出，"送达法律文书、调查取证或者进行其他诉讼行为，是我国人民法院审判活动的一部分，它涉及一国主权和司法制度的独立。因此，非经法律许可，任何外国机关和个人不能在我国领域内从事这些活动。"[1]

b. 最高人民法院在《关于终止地方法院与国外地方法院司法部门司法协助协议的通知》中也明确指出："司法协助（包括……调查取证……）关系到国家的司法主权。依据《中华人民共和国缔结条约程序法》的有关规定，与外国谈判缔结司法协助协定只能以国家或政府的名义，或者经国家或政府授权的机关对外签署，并须报请国务院审核后，提交全国人大常委会决定批准。"[2]

16. 在中国司法体系下，一方当事人因客观原因不能自行收集证据、需向另一方当事人或其他第三方调查和收集的，需向法院提出申请，属于法院审判活动的一部分，即使对中国境内的民事诉讼程序而言，该等调查和证据收集，亦需通过法院来进行：

---

[1] http://www.npc.gov.cn/npc/c2277/200012/28afbb3c0e3349c096b069864eccdc64.shtml
[2] 《最高人民法院关于终止地方法院与国外地方法院司法部门司法协助协议的通知》(法[1995]4 号)，1995 年 1 月 28 日发布。

17. 首先，《民事诉讼法》以及《最高人民法院关于适用<中华人民共和国民事诉讼法>的解释》（下称"《民事诉讼法解释》"）的规定，一方当事人因客观原因不能自行收集证据、需向另一方当事人或其他第三方调查和收集的，需向法院提出申请，经法院审查、许可，并由法院进行调取，该等调查取证行为属于法院的职权范围：

    a.  根据《民事诉讼法》第 64 条第二款[3]、《民事诉讼法解释》第 94 条[4]及 95 条[5]，当事人因客观原因不能自行收集的证据，可以书面申请人民法院调查收集。是否进行调查收集，由人民法院审查后决定。根据《民事诉讼法》第 130 条[6]，人民法院许可当事人的申请后，会由法院的人员进行调查取证。

    b.  根据《民事诉讼法解释》第 112 条[7]，书证在一方当事人控制之下的，另一方当事人可以书面申请人民法院责令对方当事人提交。对此人民法院也应进行审查，申请理由成立的，人民法院应责令对方当事人提交。而根据中国最高人民法院的意见，法院对此应做出正式的程序决定（裁定）。

18. 从上述中国法律的规定可以看出，无论是针对国内诉讼的取证还是针对境外诉讼在中国的取证，中国法律都对当事人在民事诉讼中调查取证作出了严格的规定。

**B.** **美国民事诉讼的取证一方应当通过《海牙取证公约》规定的途径请求获取位于中国领域内的证据**

19. 如前所述，根据《民事诉讼法》的规定，外国机关和个人在中国境内调查取

---

[3] 《中华人民共和国民事诉讼法》第 64 条第二款："当事人及其诉讼代理人因客观原因不能自行收集的证据，或者人民法院认为审理案件需要的证据，人民法院应当调查收集。"

[4] 《最高人民法院关于适用<中华人民共和国民事诉讼法>的解释》第 94 条："民事诉讼法第六十四条第二款规定的当事人及其诉讼代理人因客观原因不能自行收集的证据包括：
　　（一）证据由国家有关部门保存，当事人及其诉讼代理人无权查阅调取的；
　　（二）涉及国家秘密、商业秘密或者个人隐私的；
　　（三）当事人及其诉讼代理人因客观原因不能自行收集的其他证据。
　　当事人及其诉讼代理人因客观原因不能自行收集的证据，可以在举证期限届满前书面申请人民法院调查收集。"

[5] 《最高人民法院关于适用<中华人民共和国民事诉讼法>的解释》第 95 条："当事人申请调查收集的证据，与待证事实无关联、对证明待证事实无意义或者其他无调查收集必要的，人民法院不予准许。"

[6] 《中华人民共和国民事诉讼法》第一百三十条："人民法院派出人员进行调查时，应当向被调查人出示证件。
　　调查笔录经被调查人校阅后，由被调查人、调查人签名或者盖章。"

[7] 《最高人民法院关于适用<中华人民共和国民事诉讼法>的解释》第一百一十二条："书证在对方当事人控制之下的，承担举证证明责任的当事人可以在举证期限届满前书面申请人民法院责令对方当事人提交。
　　申请理由成立的，人民法院应当责令对方当事人提交，因提交书证所产生的费用，由申请人负担。对方当事人无正当理由拒不提交的，人民法院可以认定申请人所主张的书证内容为真实。"

证，应按照中国缔结或参加的公约或双边条约进行。中国于 1997 年加入了《海牙取证公约》，且该公约已经在中美两国之间生效。除此之外，中美两国之间没有缔结其他民商事领域取证的双边条约。据此，美国民事诉讼的取证一方应通过《海牙取证公约》规定的途径请求获取位于中国领域内的证据。

20. 《海牙取证公约》第 1 条规定，"在民事或商事案件中，每一缔约国的司法机关可以根据该国的法律规定，通过请求书的方式，请求另一缔约国主管机关调取证据或履行某些其他司法行为。"中国对于《海牙取证公约》在中国的适用下仅作了有限的保留[8]。

21. 在中国，中国司法部是负责接收并转交外国司法协助请求书的中央机关[9]，司法部司法协助交流中心是具体承办机构[10]。人民法院是具体负责外国司法协助执行请求的主管机关[11]。最高人民法院统一管理全国各级人民法院的国际司法协助工作[12]。最高人民法院外事局是最高法院设置的司法协助工作的归口负责机构[13]。设立外事办公室的高级人民法院，原则上可由外事办公室归口管理本辖区的国际司法协助事务[14]。

22. 《海牙取证公约》缔约国按照公约的要求，制作请求书并提供相关材料，将请求递交到中国司法部。中国司法部在收到外国的调查取证申请书后，根据公约规定和国内法相关规定，做初步审查。具体操作是：（1）外国请求方根据公约或条约规定将请求发送至中国司法部司法协助交流中心。（2）司法部司法协助交流中心进行初步审查：如发现问题，复函退回请求方；如符合公

---

[8] 《全国人民代表大会常务委员会关于我国加入〈关于从国外调取民事或商事证据的公约〉的决定》：
"二、根据公约第二十三条声明，对于普通法国家旨在进行审判前文件调查的请求书，仅执行已在请求书中列明并与案件有直接密切联系的文件的调查请求；
三、根据公约第三十三条声明，除第十五条以外，不适用公约第二章的规定。"
[9] 《全国人民代表大会常务委员会关于我国加入〈关于从国外调取民事或商事证据的公约〉的决定》第一条："根据公约第二条，指定中华人民共和国司法部为负责接收来自另一缔约国司法机关的请求书，并将其转交给执行请求的主管机关的中央机关。"
[10] 见中国司法部网站 2011 年 8 月 2 日发布的声明《海牙国际私法会议将司法协助交流中心作为民商事司法协助中国中央机关承办机构列入官方网站》：
http://www.moj.gov.cn/organization/content/2011-08/02/jlzxxwdt_7230.html
同时，见海牙国际司法协会网站发布的中国中央机关信息：
https://www.hcch.net/en/states/authorities/details3/?aid=490
[11] 《最高人民法院关于全国法院司法协助座谈会纪要》（法[1996]9 号）第一条："……人民法院开展司法协助是法律赋予人民法院的一项重要工作，依照法律规定，人民法院是进行司法协助的主管机关。……"
[12] 《最高人民法院关于依据国际公约和双边司法协助条约办理民商事案件司法文书送达和调查取证司法协助请求的规定》（法释[2013]11 号）第六条："最高人民法院统一管理全国各级人民法院的国际司法协助工作。高级人民法院应当确定一个部门统一管理本辖区各级人民法院的国际司法协助工作并指定专人负责。中级人民法院、基层人民法院和有权受理涉外案件的专门法院，应当指定专人管理国际司法协助工作；有条件的，可以同时确定一个部门管理国际司法协助工作。"
[13] 《最高人民法院关于全国法院司法协助座谈会纪要》（法[1996]9 号）第二条："……最高人民法院明确司法协助工作由外事局归口负责。各高级人民法院根据各自实际情况，亦应明确一个机构归口管理。"
[14] 《北京市高级人民法院关于民商事国际司法协助工作的若干规定》第四条："根据最高法院的要求，北京市各级法院的国际司法协助工作应实行集中统一管理、专人负责的工作原则。高级法院外事办公室是全市各级法院国际司法协助工作的统一归口管理部门；……"

约或条约规定，将请求材料转递给中国的主管机关即法院。(3) 司法协助请求由中国的法院系统负责执行。执行完毕后法院将执行结果反馈给司法部司法协助交流中心。(4) 司法部司法协助交流中心制作官方证明书说明请求执行结果并反馈请求方[15]。经初步审查符合规定，司法部将相关材料转交最高人民法院，由法院系统负责执行。

23. 中国最高人民法院负责审查司法部转来的相关材料。根据法律规定，最高人民法院国际司法协助统一管理部门审查合格的，应当制作转递函，与请求书及其附件一并转递证据或者证人所在地高级人民法院国际司法协助统一管理部门。高级人民法院国际司法协助统一管理部门收到最高人民法院转来的调查取证请求后，应当会同本院审判部门进一步审查。审查后认为可以提供协助的，应当制作转递函，与请求书及其附件一并转递证据或者证人所在地中级或者基层人民法院审查、办理。高级人民法院认为本院办理更为适宜的，可以直接办理[16]。如果申请被批准，将转至下级法院执行。调查取证请求应当由相应的审判部门的法官办理[17]。

**C. 美国民事诉讼案件的取证一方未按照《海牙取证公约》规定的途径在中国境内调查取证，将违反中国法律，对此美国政府也是明确知晓的**

24. 根据前述可知，美国民事诉讼案件的取证一方未经中国主管机关准许，擅自在中国境内调查取证，是为中国法律所明确禁止的行为。

25. 而对于该等行为的违法性及其违法后果，美国政府也明确知晓。美国国务院领事事务局（US Department of State - Bureau of Consular Affairs）在其发布的通告中指出（该通告最近一次更新发生在 2019 年 5 月 1 日）[18]：

　　"China does not permit attorneys to take depositions in China for use in foreign

---

[15] 见中华人民共和国司法部 2014 年 12 月 17 日发布的《民商事司法协助概况》：
http://www.moj.gov.cn/organization/content/2014-12/17/jlzxxwdt_7237.html
[16]《关于依据国际公约和双边司法协助条约办理民商事案件司法文书送达和调查取证司法协助请求的规定实施细则(试行)》（法发[2013]6 号）：
　　"第三十六条　最高人民法院国际司法协助统一管理部门审查合格的，应当制作转递函，与请求书及其附件一并转递证据或者证人所在地高级人民法院国际司法协助统一管理部门。同一调查取证请求中的证人或者证据位于不同高级人民法院辖区的，最高人民法院可以指定其中一个高级人民法院统一办理。如有需要，相关高级人民法院应当给予必要的协助。"
　　第三十七条　高级人民法院国际司法协助统一管理部门收到最高人民法院转来的调查取证请求后，应当会同本院审判部门进一步审查。审查后认为可以提供协助的，应当制作转递函，与请求书及其附件一并转递证据或者证人所在地中级或者基层人民法院审查、办理。高级人民法院认为本院办理更为适宜的，可以直接办理。"
[17]《北京市高级人民法院关于民商事国际司法协助工作的若干规定》第八条："……外国司法机关请求代为调查取证的，统一由高级法院外事办公室商高级法院各审判业务庭处理。"
[18]https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html

courts. Under its Declarations and Reservations to the Hague Evidence Convention and subsequent diplomatic communications, China has indicated that taking depositions, whether voluntary or compelled, and obtaining other evidence in China for use in foreign courts may, as a general matter, only be accomplished through requests to its Central Authority under the Hague Evidence Convention. Consular depositions would require permission from the Central Authority on a case by case basis and the Department of State will not authorize the involvement of consular personnel in a deposition without that permission. Participation in such activity could result in the arrest, detention or deportation of the American attorneys and other participants ."

26. 此外，前述全国人大释义中明确指出："违背了民事诉讼法的规定，送达法律文书和调查取证的行为无效。"[19]据此，如依据违反《海牙取证公约》取得的证据作出的域外判决未来需在中国境内申请承认与执行，中国法院根据《民事诉讼法》及《海牙取证公约》，可能会认定该证据取得程序违反中国法律，从而对该判决不予承认与执行。

**D. 中国法对中国境内机构、组织和个人向境外提交证据、文件的规定**

27. 上述中国《民事诉讼法》和《海牙取证公约》实际上已经规定了美国民事案件中的当事人向中国境内机构、组织和个人取证需通过《海牙取证公约》进行，这是其在中国获取证据的唯一合法途径。如果中国境内机构、组织和个人自行向取证方提交证据，则导致取证方无需通过《海牙公约》就可以取得证据，效果上就导致中国法律《民事诉讼法》被规避。

28. 对于中国境内机构、组织和个人能否主动向境外提交证据、文件事宜，中国通过 2018 年 10 月颁布的《国际刑事司法协助法》（下称"《刑协法》"）做出了进一步明确和重申。

29. 《刑协法》第四条第三款就境外机构、组织和个人在中国境内取证，及中国境内的机构、组织和个人向外国提供证据材料进行明确规定，即"非经中华人民共和国主管机关同意，外国机构、组织和个人不得在中华人民共和国境内进行本法规定的刑事诉讼活动，中华人民共和国境内的机构、组织和个人不得向外国提供证据材料和本法规定的协助。"[20]

---

[19] 见前注 6

[20] 《中华人民共和国国际刑事司法协助法》第四条："中华人民共和国和外国按照平等互惠原则开展国际刑事司法协助。

国际刑事司法协助不得损害中华人民共和国的主权、安全和社会公共利益，不得违反中华人民共和国法律的基本原则。

非经中华人民共和国主管机关同意，外国机构、组织和个人不得在中华人民共和国境内进行本法规定

30. 虽然上述规定是针对刑事司法协助作出的限定性规定，但事实上也是对此前中国法律就司法协助（无论民事还是刑事领域的协助）问题作出的重申和进一步明确，即司法协助应当通过两国之间的双边政府途径开展，私人不得提供或者开展司法协助。未经许可，外国机构或个人不得在中国境内从事调查取证的活动，而中国境内机构、组织和个人也不得主动向外国提供证据材料或司法协助。

我确认前述内容确系我真实和专业的意见。

在中国北京出具
2019 年 8 月 20 日

魏瑾华

---

的刑事诉讼活动，中华人民共和国境内的机构、组织和个人不得向外国提供证据材料和本法规定的协助。"