Teresa H. Michaud (296329)
  teresa.michaud@bakermckenzie.com
**BAKER & McKENZIE LLP**
1901 Avenue of the Stars, Suite 950
Los Angeles, California  90067
Telephone: +1 310 201 4728
Facsimile:  +1 310 201 4721

Colin H. Murray (159142)
  colin.murray@bakermckenzie.com
Alexander G. Davis (287840)
  alexander.davis@bakermckenzie.com
Anne M. Kelts (298710)
  anne.kelts@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA  94111-3802
Telephone: +1 415 576 3000
Facsimile: +1 415 576 3099

Attorneys for Defendant
CRRC CORPORATION LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUN GROUP U.S.A. HARMONY CITY, INC., <br><br> Plaintiff, <br><br> v. <br><br> CRRC CORPORATION LTD., <br><br> Defendant. | Case No.  3:17-cv-02191-SK <br><br> **AFFIDAVIT OF LEGAL EXPERT JINHUA WEI IN SUPPORT OF DEFENDANT CRRC CORPORATION LTD.'S REPLY BRIEF RE APPLICATION TO APPLY THE HAGUE EVIDENCE CONVENTION TO DISCOVERY OF FOREIGN-LOCATED EVIDENCE** <br><br> **Hearing Date:** October 7, 2019 <br> **Time:** 1:30 p.m. <br> **Crtrm:** C, 15th Floor <br><br> **Trial Date:** April 27, 2021 <br><br> **Judge:** The Hon. Sallie Kim |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

Case No. 3:17-cv-02191-JSC
AFFIDAVIT OF EXPERT IN SUPPORT OF DEF CRRC CORP'S REPLY BRIEF

Certified Translation

# Second Affidavit re Investigation and Discovery by Foreign Institutions and/or Individuals within the Territories of the People's Republic of China

1. Regarding the case Sun Group U.S.A Harmony City, Inc v CRRC Corporation Ltd (Case No.：3：17-cv-02191-SK) (hereinafter: the "Case"), as engaged by the Defendant, CRRC Corporation Ltd. ("CRRC"), I have provided an "Affidavit re Investigation and Discovery by Foreign Institutions and/or Individuals within the Territories of the People's Republic of China" (the "First Affidavit") on August 20, 2019. In the First Affidavit, I opined that CRRC shall provide evidence to foreign parties through the channels provided for in the *Convention on the Taking of Evidence Aboard in Civil or Commercial Matters* (the "Hague Evidence Convention ").

2. Thereafter, I learned that the Plaintiff, Sun Group U.S.A Harmony City, Inc ("Sun Group") submitted an opposition (the "Opposition") and relevant expert opinions on September 6, 2019. I have since reviewed the Opposition and the expert opinions. Based on my understanding of these opinions and my professional knowledge and experience, I would like to provide further opinions below.

3. The original language of this Affidavit is Chinese. If I were to be called to testify, I will be testifying in Chinese and will require the assistance of an interpreter.

**I. Article 277 of the *Civil Procedure Law of the People's Republic of China* Applies to CRRC's Producing Evidence to Foreign Parties at the Request of Sun Group.**

4. I noticed in Paragraph 8 of the Declaration of Donald J. Lewis In Support of

Translator's notes: Page numbers on the translated version are in accordance to the document in the original Chinese language, translated version is longer on each page.

Plaintiff's Opposition to Defendant CRRC Corporation Ltd.'s Application to Apply the Hague Evidence Convention to Discovery of Evidence Located in a Foreign Country (the "Declaration"), Donald J. Lewis asserted that Article 277 of *the Civil Procedure Law of the People's Republic of China* (the "Civil Procedure Law") does not govern the act in the Case where CRRC providing evidence to parties outside of the territories. "Consequently, 'conducting investigation and collecting evidence' under Article 277 does not extend to the voluntary production of documents or voluntary disclosure of information by one party to another as such acts do not impinge upon the powers of judicial or executive authorities within China." . I cannot agree with his opinion.

5. Unlike common law jurisdictions, China does not have pretrial discovery procedure. As I have mentioned in Paragraph 16 and Paragraph 17 in the First Affidavit, under the Chinese judicial system, if one party cannot collect evidence on its own for objective reasons and need to investigate and collect evidence from the other party or other third party, it should file an application to the court. The filing of an application is a part of the court's judicial activities.

6. Amongst which, based on the *Interpretation of the Supreme People's Court on the Application of the Civil Procedure Law of the People's Republic of China* (hereinafter: the "Interpretation of the Civil Procedure Law") Article 112 provides a rather similar procedure to the pretrial discovery procedure. According to Article 112, if one of the parties would like to obtain any documentary evidence in the possession of the opposing party, such party can apply in writing to the court for an order compelling the opposing party to provide such evidence. The court shall conduct a review and decide whether to grant permission to do so, which is within

Translator's notes: Page numbers on the translated version are in accordance to the document in the original Chinese language, translated version is longer on each page.

the scope of the court's jurisdiction.

7. In fact, I have noticed that during the course of discovery of the Case, Production of CRRC is at the request of Sun Group, and the discovery is conducted under the organization and administration of the US court, which is similar to the situation governed by Article 112 of the *Interpretation of the Civil Procedure Law.*

8. Therefore, if the Case was litigated under the Chinese judicial system, according to the aforesaid Article 112 of the *Interpretation of the Civil Procedure Law,* Sun Group would apply to the court for an order for CRRC to produce evidence. If the court grants the order, CRRC shall then produce relevant evidence pursuant to the request of the court and Sun Group. Otherwise, CRRC would bear adverse legal consequences (the court will presume that the content of the evidence asserted by Sun Group is true). Certainly, such acts fall within the realm of "investigation and discovery" under Chinese law. It should be further explained that under Chinese law, if Sun Group fails to abide by the law and directly submit the Request for Production evidence to CRRC, CRRC has no obligation to respond at all, nor will it be subject to any adverse legal consequences as a result thereof.

9. Furthermore, the principles and procedures of the above-mentioned investigation and discovery for civil litigation will also extend to investigation and discovery of conducted within the territories of China of any foreign civil litigation. Therefore, Article 277 of the *Civil Procedure Law* will certainly apply to CRRC's production of evidence to foreign parties at the request of Sun Group in the Case.

10. In addition, I have also noticed that Donald J. Lewis stated in Paragraph 7 of the Declaration claiming that Article 277 of the *Civil Procedure Law* only refers to the situation where foreign courts apply for judicial assistance from China. ("Article 277 refers to requests for judicial assistance from foreign courts.") This view is also inaccurate because Section 3 of Article 277 clearly states: "<u>No foreign organ or</u>

individual may serve documents, investigate or collect evidence in the territories of the People's Republic of China without the permission of the competent authorities of the People's Republic of China." The subject conducting investigation and evidence collection regulated by this section include not only foreign courts but also private enterprises, such as Sun Group.

11. I hereby reiterate that Article 277 of the *Civil Procedure Law* has been established in the Civil Procedure Law since 1991. Since then, the Civil Procedure Law had been amended three times in the years of 2007, 2012 and 2017, respectively. The numbering of Article 277 had been amended, but the content remained unchanged. In the Civil Procedure Law effectuated in 1991 (implementation date of April 9, 1991), Article 277 was numbered Article 263. In the Civil Procedure Law amended in 2007 (implementation date of April 1, 2008), it was re-numbered as Article 261. In the Civil Procedure Law amended in 2012 (implementation date of January 1, 2013) and the Civil Procedure Law amended in 2017 (implementation date of July 1, 2017), it was re-numbered as the current Article 277.

12. Furthermore, as I have stated in Paragraph 15 of the First Affidavit, the Legal Question & Answer and Interpretation of the National People's Congress of China clearly states: "Service of legal documents, conducting investigation and discovery or any other litigation activities are parts of trial activities of the people's courts in China, which concerns with the sovereignty of a country and the independence of the judicial system. Therefore, no foreign organ or individual shall engage in these activities in the territories of our country without legal permission."

2

Translator's notes: Page numbers on the translated version are in accordance to the document in the original Chinese language, translated version is longer on each page.

Therefore, any litigation activities conducted in China by foreign courts or individuals (without limitation to service of documents, investigation and/or discoveries) must be carried out in accordance with Chinese law.

13. I hereby restate that, the U.S. government is well aware of that all discovery activities conducted within the territories of China by foreign parties, whether the production of evidence by the responding party is voluntarily or compelled, shall be conducted in accordance with the channels prescribed in the *Hague Evidence Convention*. Otherwise, the process of discovery will constitute violation of Chinese law. The U.S. government's position is clearly reflected in a circular issued by the U.S. Department of State - Bureau of Consular Affairs (as I have provided in Paragraph 25 of the First Affidavit):

    "…… China has indicated that taking depositions, <u>whether voluntary or compelled</u>, and <u>obtaining other evidence in China</u> for use in foreign courts may …… only be accomplished through requests to its Central Authority under the Hague Evidence Convention.……"

14. I have noticed that, no references or responses were in the Opposition by Sun Group or in the Declaration by Donald J. Lewis to address the above-mentioned circular from the Bureau of Consular Affairs of the U.S. Department of State.

15. Finally, I have noticed that Donald J. Lewis stated in Paragraph 10 of his Declaration that there is no Chinese precedent indicating that producing evidence to foreign parties for use in foreign civil proceedings would violate Article 277 of the *Civil Procedure Law* and therefore subject the relevant party to adverse legal consequences. ("Moreover, I am unaware of any cases or other circumstances in which the voluntary submission of documents and/or information by a Chinese party as potential evidence in foreign judicial proceedings has been held to be illegal or has resulted in prosecution in China. In particular, I know of no case where

Translator's notes: Page numbers on the translated version are in accordance to the document in the original Chinese language, translated version is longer on each page.

Article 277 has triggered such adverse legal consequences".)

16. As to such assertion, I would like to explain that China is a written law nation (statutory state) and not a case law nation. In principle, precedents generally cannot be used by court as a basis for adjudication. The *Civil Procedure Law* and the *Hague Evidence Convention* have established that investigation and discovery for foreign civil procedures within the territories of China must be conducted in accordance with the *Hague Evidence Convention*. Such provisions of law should be followed. Moreover, to my knowledge, China does not have precedent endorsing the provision of evidence to foreign parties without going through the channels provided by the *Hague Evidence Convention*. In the absence of precedent, the parties shall comply with the express provisions of law.

**II. Collecting Evidence through the *Hague Evidence Convention* in Chinese Territories Usually Takes Six to Twelve Months Rather Than Two Years as Stated by Donald J. Lewis**

17. I have noticed that Donald J. Lewis stated in Paragraph 23 of his Declaration that if

3

investigation and discovery of the Case were to be carried out through the channels set forth in the *Hague Evidence Convention*, the process would take more than two years. (Indeed, Hague Service Convention requests from the US courts, which involve the same Central Authority as the Hague Evidence Convention, can take over two years to be processed). However, Donald J. Lewis did not provide any supporting documentation for his statement.

18. To my knowledge, the aforesaid statement by Donald J. Lewis is not the case. According to the Central Authority (Art. 2) and practical information[1] published on the official website of the Hague Conference on Private International Law (HCCH), it usually takes China 6 to 12 months to process application of foreign investigation and discovery requests.

19. In addition, CRRC has provided me with the Reply to "Regarding Production of Documents Located in Chinese Territories by CRRC's Litigation Proceeding in a US Court" (the "Reply") by the Judicial Assistance Exchange Centre of the Ministry of Justice of August 16, 2019. I have noticed that the competent Chinese authority stated in the Reply: " The Central Government Agencies of the People's Republic of China and competent court(s) are in the process of implementing measures to promote efficiency to perform its obligations under the Hague Convention. As for the evidence collection requests submitted pursuant to the Evidence Convention by foreign countries including the United States, the People's Republic of China shall process such request(s) pursuant to the Convention and the domestic laws in China as quickly as possible and reply with the results of the execution". Based on this, I believe that the competent organ in China will handle the investigation and discovery request(s) in the Case in an expedient and efficient manner.

---

[1] https://www.hcch.net/en/states/authorities/details3/?aid=490

Translator's notes: Page numbers on the translated version are in accordance to the document in the original Chinese language, translated version is longer on each page.

Certified Translation

---

I confirm that the foregoing is my true and professional opinions.

Issued in Beijing, China

September 11, 2019

                                                          [Signed]

                                                          WEI, Jinhua

Translator's notes: Page numbers on the translated version are in accordance to the document in the original Chinese language, translated version is longer on each page.

## **CERTIFICATION OF MIMI S. J. LAIN**

### **450 TARAVAL STREET PMB#232**

### **SAN FRANCISCO, CA 94116**

I, Mimi S. J. Lain, declare that I am a professional interpreter/translator of the Chinese Language and the English Language. I am certified as required by Section 751(d) of the California Evidence Code, which requires an interpreter/translator to be certified or registered in accordance with Article 4 of Chapter 2 of Title 8 of Section 68560 of the California Government Code. My valid certification number with the Judicial Council of California is 301079.

I have personally translated and proofread the following document:

"Wei, Jinhua's Second Affidavit re Investigation and Discovery by Foreign Institutions and/or Individuals within the Territories of the People's Republic of China"

I hereby certify that the translation from Chinese to English is accurate, complete and faithful to the best of my abilities.

I declare under penalty of perjury that the forgoing is true and correct, and this Declaration was executed in San Francisco, CA on September 12, 2019.

Mimi S. J. Lain
Certified Court Interpreter

# ORIGINAL EXPERT AFFIDAVIT

# 关于外国机构和个人在中国领域内进行调查取证问题的

# 第 二 份 声 明

1. 就案件 Sun Group U.S.A Harmony City, Inc v CRRC Corporation Ltd（案件号：3：17-cv-02191-SK）（下称"本案"），我受被告中国中车股份有限公司（下称"中车公司"）委托，于 2019 年 8 月 20 日出具了《关于外国机构和个人在中国领域内进行调查取证问题的声明》（以下称"《第一份声明》"），就中车公司应当按照《关于从国外调取民事或商事证据的公约》（下称"《海牙取证公约》"）规定的途径向境外提供证据事宜发表了意见。

2. 此后，我获知原告 Sun Group U.S.A Harmony City, Inc（下称"太阳集团"）于 2019 年 9 月 6 日提交了反对意见及相关专家意见。我审阅了该等反对意见及专家意见，基于我对该等意见的理解，以及我的专业知识和经验，我就此发表进一步意见如下。

3. 本声明以中文出具。如有需要，本人将以中文作证，因此作证时需要翻译。

一、 中车公司依太阳集团的请求向境外提供证据，须受到《中华人民共和国民事诉讼法》第 277 条的规制

4. 我注意到，Donald J. Lewis 在其声明第 8 段中称，《中华人民共和国民事诉讼法》（下称"《民事诉讼法》"）第 277 条并不规制本案中中车公司向境外提供证据的行为（Consequently, "conducting investigation and collecting evidence" under Article 277 does not extend to the voluntary production of documents or voluntary disclosure of information by one party to another as such acts do not impinge upon the powers of judicial or executive authorities within China），我不能同意这一观点。

5. 中国并没有普通法系国家的庭前证据开示制度。如我在《第一份声明》第 16 段和 17 段所述，在中国的司法体系下，一方当事人因客观原因不能自行收集证据、需向另一方当事人或其他第三方调查和收集的，需向法院提出申请，属于法院审判活动的一部分。

6. 其中，《最高人民法院关于适用<中华人民共和国民事诉讼法>的解释》（下称"《民事诉讼法解释》"）第 112 条的规定与庭前证据发现制度较为接近，由该条规定可知，如果民事诉讼的一方当事人希望获得对方当事人所掌握的书证，可以向书面申请法院责令对方提供。对此法院需要进行审查、许可，属

1

于法院的职权范围。

7. 事实上，我注意到在本案的证据开示程序中，中车公司是应太阳集团的请求提供证据，开示程序也是在美国法院的组织和管理下进行的，与上述《民事诉讼法解释》第 112 条所规制的情形相似。

8. 由此，假如本案发生在中国的司法体系下，则太阳集团应依据上述《民事诉讼法解释》第 112 条的规定，向法院申请要求中车集团提供相关证据，如果法院许可，则中车公司应按照法院和太阳集团的要求提供相关证据，否则将承担不利的法律后果（法院将推定太阳集团所主张的证据内容为真实）。该等行为当然属于中国法下的"调查取证"行为。需要说明的是，在中国法下，如果太阳集团不依照法律的规定，自行向中车公司提出提供证据的请求，中车公司完全没有义务进行回应，也不会因此带来任何不利的法律后果。

9. 进而，上述民事诉讼调查取证的原则和程序，同样会延伸到境外民事诉讼在中国境内的调查取证的过程中，因而《民事诉讼法》第 277 条也当然会规制本案中中车公司依太阳集团的请求向境外提供证据的行为。

10. 此外，我还注意到 Donald J. Lewis 在其声明第 7 段中称《民事诉讼法》第 277 条是指外国法院向中国申请提供司法协助的情形（Article 277 refers to requests for judicial assistance from foreign courts）。这一观点也不准确，因为第 277 条第三款明确说明："未经中华人民共和国主管机关准许，任何外国机关或者个人不得在中华人民共和国领域内送达文书、调查取证"。该款所规制的调查取证主体，不仅包括外国法院，也包括太阳集团这样的私人企业。

11. 我再次说明，《民事诉讼法》第 277 条自 1991 年起就已经在当时有效的《民事诉讼法》中确立。此后《民事诉讼法》于 2007 年、2012 年和 2017 年经历过三次修正，第 277 条的编号有过更改，但内容均未发生变化。在 1991 生效的《民事诉讼法》中（实施日期为 1991 年 4 月 9 日），第 277 条的编号原为第 263 条。在 2007 年修正的《民事诉讼法》中（实施日期为 2008 年 4 月 1 日），变更为第 261 条。在 2012 年修正的《民事诉讼法》（实施日期为 2013 年 1 月 1 日）及 2017 年修正的《民事诉讼法》（实施日期为 2017 年 7 月 1 日）中变更为目前的第 277 条。

12. 进一步而言，如我在《第一份声明》第 15 段所述，中国全国人大的法律问答与释义中明确："送达法律文书，调查取证或者进行其他诉讼行为，是我国人民法院审判活动的一部分，它涉及一国主权和司法制度的独立。因此，非经法律许可，任何外国机关和个人不能在我国领域内从事这些活动"。由

2

此，境外法院和个人在中国进行的任何诉讼行为（不仅限于送达文书和调查取证），都必须依据中国的法律规定来进行。

13. 我希望再次说明，美国政府明知，在中国境内的取证行为，无论提供证据的一方是出于自愿还是被强迫，均需要通过海牙取证公约规定的途径进行，否则即构成对中国法律的违反。美国政府的上述立场清晰地体现在美国国务院领事事务局（US Department of State - Bureau of Consular Affairs）发布的通告中（如我在《第一份声明》第25段所述）：

"…… China has indicated that taking depositions, whether voluntary or compelled, and obtaining other evidence in China for use in foreign courts may …… only be accomplished through requests to its Central Authority under the Hague Evidence Convention.……"

14. 我注意到，就上述美国国务院领事事务局（US Department of State - Bureau of Consular Affairs）发布的通告，无论是太阳集团提交的反对意见，还是Donald J. Lewis提交的专家意见中，对此均没有作出任何说明和回应

15. 最后，我注意到Donald J. Lewis在其声明第10段中称，中国并没有司法案例表明，向境外民事诉讼程序提供证据将违反《民事诉讼法》第277条的规定并引发不利的法律后果（Moreover, I am unaware of any cases or other circumstances in which the voluntary submission of documents and/or information by a Chinese party as potential evidence in foreign judicial proceedings has been held to be illegal or has resulted in prosecution in China. In particular, I know of no case where Article 277 has triggered such adverse legal consequences）。

16. 对此我需要说明，中国是一个成文法国家，并非判例法国家，判例原则上不能作为法院裁判的依据。中国《民事诉讼法》和《海牙取证公约》已经规定了境外民事程序在中国境内的调查取证需通过《海牙取证公约》进行，该等法律规定就应当被遵守。而且，据我所知，中国也并没有任何司法案例认定，向境外提供证据可以不经过《海牙取证公约》的途径行进。在缺少案例的情况下，更应遵守法律的明文规定。

二、 境外机构和个人通过《海牙取证公约》在中国境内取证，一般需要6至12月，并非如Donald J. Lewis所称需要2年的时间

17. 我注意到，Donald J. Lewis在其声明第23段中称，本案如通过《海牙取证公

3

约》规定的途径进行调查取证，相关程序将会耗时超过 2 年（Indeed, Hague Service Convention requests from the U.S. courts, which involve the same Central Authority as the Hague Evidence Convention, can take over two years to be processed）。然而，Donald J. Lewis 却并没有就此提供任何支持性文件。

18. 据我所知，Donald J. Lewis 的上述意见并非事实。根据中国在海牙国际司法协会（Hague Conference on Private International Law, the "HCCH"）网站上发布的"中央机关及实践信息（Central Authority (Art. 2) and practical information）"[1]，中国执行境外调查取证请求的时间为 6 至 12 个月。

19. 此外，中车公司向我提供了中国司法部协助交流中心 2019 年 8 月 16 日出具的《关于中国中车在美国法院诉讼程序中提供境内文件的复函》。我注意到，中国的主管机关在该函中说明："中国中央机关及主管法院正采取措施提高海牙公约履行效率，对于各国包括美国在内的依照取证公约提交的请求，中方将依照公约及国内法，尽快办理并答复执行结果"。据此我认为，中国的主管机关将快速、高效的处理本案的调查取证请求。

我确认前述内容确系我真实和专业的意见。

在中国北京出具
2019 年 9 月 11 日

魏瑾华（签名）
魏瑾华

---

[1] https://www.hcch.net/en/states/authorities/details3/?aid=490