JAMES M. WAGSTAFFE (95535)
wagstaffe@wvbrlaw.com
FRANK BUSCH (258288)
busch@wvbrlaw.com
**WAGSTAFFE, VON LOEWENFELDT BUSCH & RADWICK LLP**
100 Pine Street, Suite 2250
San Francisco, CA 94111
Telephone:    (415) 357-8900

GREGORY S. SMITH (DC Bar 472802)
gregsmithlaw@verizon.net
**Law Offices of Gregory S. Smith**
913 East Capitol Street, S.E.
Washington, D.C. 20003
Telephone:    (202) 460-3381
*Admitted Pro Hac Vice*

Attorneys for Plaintiff
SUN GROUP U.S.A. HARMONY CITY, INC.

ANDREW J. MYTELKA (TX Bar 14767700)
Lead Counsel
amytelka@greerherz.com
JOSEPH A.C. FULCHER (TX Bar 07509320)
jfulcher@greerherz.com
JOSEPH RUSSO (TX Bar 24002879)
jrusso@greerherz.com
J. SCOTT ANDREWS (TX Bar 24064823)
jandrews@greerherz.com
**GREER, HERZ & ADAMS, L.L.P.**
One Moody Plaza, 18th Floor
Galveston, TX 77550
Telephone:    (409) 797-3200
Fax:            (866) 422-3266
*All Admitted Pro Hac Vice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SUN GROUP U.S.A. HARMONY CITY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CRRC CORPORATION LTD,<br>Defendant. | No. 3:17-cv-02191-SK<br><br>**ADMINISTRATIVE MOTION FOR LEAVE TO FILE FORMAL MOTION TO COMPEL CRRC TO MAKE A DESIGNATION UNDER RULE 30(B)(6)**<br><br>**Judge:       Magistrate Sallie Kim** |

1     <u>**NOTICE OF ADMINISTRATIVE MOTION AND MOTION**</u>

2     TO THE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:

3              PLEASE TAKE NOTICE THAT on a date, time, and manner to be set by the Court, in

4     the Courtroom of the Honorable Sallie Kim, at Courtroom C, 15th Floor, 450 Golden Gate Ave.,

5     San Francisco, CA 94102, Plaintiff Sun Group U.S.A. Harmony City, Inc. ("Plaintiff" or "Sun

6     Group") will, and hereby does, move the Court under Local Rule 7-11 for an order granting Sun

7     Group leave to file a Rule 37(a)(3)(B)(ii) motion addressing CRRC's failure to make a

8     designation under Rule 30(b)(6), under the procedures set forth in Local Rule 7.

## I.    INTRODUCTION

            Sun Group has long been concerned that CRRC will not participate in discovery, and will

therefore withhold relevant facts and testimony from Sun Group, while at the same time using its

unfettered access to its own information to craft its defense and trial testimony.  Among the

discovery Sun Group seeks to prevent this unfair result is a Federal Rule of Civil Procedure

30(b)(6) deposition of CRRC itself, encompassing both its discovery conduct and substantive

matters.  For example, Sun Group seeks to understand how CRRC stores data given its

production to date of very few emails and other electronically stored data.  CRRC has refused to

make any corporate representative available.

            Sun Group believes a true deposition on both discovery and substance is essential for it to

receive a fair trial.  Sun Group further believes that the evaluation of this matter requires a full

and fair chance for each side to present relevant facts and legal argument by virtue of a Rule

37(a)(3)(B)(ii) motion under the procedures set forth in Local Rule 7.  Sun Group therefore

respectfully requests leave to file such a motion.

## II.    FACTS

### A.    THE JOINT LETTER

            The parties previously addressed CRRC's refusal to designate deponents by joint letter.

ECF No. 196.  Sun Group raised concerns regarding the unprecedented requirement to proceed

in China, and noted that CRRC should make someone—whether from the 101 countries in which

CRRC operates or any other person anywhere in the world who consents to testify on its

1    behalf—available for a Zoom deposition.  Sun Group also noted that the request implicated a

2    number of legal principles that could not be fully presented in the context of a joint letter.  CRRC

3    opposed, representing to the Court that a "deposition" would be made available that would

4    "provide Sun Group the opportunity to elicit whatever evidence it believes it needs for its

5    remaining causes of action."  The Court denied Sun Group's motion without prejudice on

6    September 9, 2021, noting CRRC's claim that Plaintiff could "take depositions of Defendant's

7    employees" through this process and allowing that "[i]f Plaintiff is unable to take the deposition

8    through the current process set forth in the Hague Convention or if the process yields results that

9    are substantially inferior in such a way that Plaintiff can show prejudice, Plaintiff may renew the

10   motion."  ECF No. 200.

11       **B.    SUBSEQUENT EVENTS**

12       Since the Court's order, Sun Group has endeavored to understand whether it is able to

13   take a Rule 30(b)(6) deposition in China through the "current process set forth in the Hague

14   Convention."  This is no simple matter, as Sun Group is not aware of a single instance in which a

15   civil litigant has been ordered to (or in fact has) done so.  Thus, given CRRC's ties to the

16   Ministry of Justice, Sun Group initially requested a meet-and-confer with CRRC that was

17   scheduled for Friday, September 17, 2021, but that CRRC cancelled.   In an effort to maintain

18   momentum, Sun Group responded on September 20, 2021 to request CRRC's availability, and

19   requested CRRC's confirmation that seven routine deposition features would be permitted:

20           We would like to use that time to, among other things, discuss the
         procedures in China.  Specifically, please confirm that the following will be
21       allowed:
             1.   US style deposition, question/answer format by counsel and witness,
22       questions not provided in advance, except opening question for each topic asked
         by judge
23           2.   Time limit akin to US deposition (8 + hours with interpreter)
             3.   Full transcript of the testimony and/or video
24           4.   Corporate designate would need to prepare and answer all questions
         substantively.  Could not refuse to answer based on lack of knowledge
25           5.   With exception of privilege, all questions are fair game – i.e., a discovery
         deposition not testimony subject to evidence rules
26           6.   Exhibits may be used.  Witness can be questioned on exhibits
             7.   Questions raised by counsel for Sun Group in English – interpreter would
27       be necessary

28

1   CRRC responded on September 29, 2021, but addressed only three of the seven topics.[1]

2   As to topic 1, whether Sun Group's counsel will be permitted to question the witness rather than

3   provide all questions in advance, CRRC said that "We do not believe the Chinese court will

4   proceed with a 'US style deposition,' and . . . our understanding that the proceeding is more akin

5   to a deposition on written questions, and all subject to the Chinese court's discretion of how to

6   run the proceeding."  Even attempting such a procedure would require Sun Group to disclose its

7   work product in the form of a deposition outline, thus prejudicing it.  CRRC did not, and still has

8   not, responded regarding time limit, transcript, use of exhibits, and ability to raise questions in

9   English.  Sun Group can only take from CRRC's silence that the answers to those questions

10  would further demonstrate the prejudice of embarking on a novel procedure here.

11          CRRC also served deposition notices to Sun Group's principal, Jonathan Sun, on

12  September 29, 2021, confirming that it intended to avail itself of the full benefits of Federal Rule

13  of Civil Procedure 30 at the same time it refuses to offer those benefits to Sun Group.

14          Sun Group informed CRRC it intended to make this motion, and requested its consent on

15  October 1, 2021.  CRRC refused to consent on October 5, 2021.

16  **III.    ARGUMENT**

17          Sun Group believes that submitting to a deposition by written questions under the

18  auspices of Chinese law, rather than a Rule 30(b)(6) deposition is inconsistent with its discovery

19  rights in this action between litigants subject to this Court's authority.  *Epstein v. MCA*, 54 F.3d

20  1422, 1423 (9th Cir. 1995) ("The Federal Rules of Evidence creates a broad right of discovery

21  because wide access to relevant facts serves the integrity and fairness of the judicial process by

22  promoting the search for the truth.") (citations omitted).

23          Subsequent events have made clear that the harm contemplated by the Court in its ruling

24  on the joint letter brief is inevitable.  CRRC likens Chinese procedure to testimony on written

25  questions (not a discovery deposition), which would require Sun Group to disclose its work

26

27  _____

28  [1]     CRRC responded on topics 4 and 5 with statements that suggested the parties may be able to reach agreement on those points.

ADMINISTRATIVE MOTION FOR LEAVE TO FILE FORMAL MOTION TO COMPEL

product regarding deposition preparation ***before*** learning whether any testimony of any value—let alone the fulsome testimony Sun Group is entitled to obtain under Rule 30—can be obtained in the proceeding. *See Upjohn Co. v. United States*, 449 U.S. 383, 401 (1981) (placing the highest protection on information that would reveal "the attorneys' mental processes"); *Fraunhofer-Gesellschaft Zur Förderung der Angewandten Forschung E.V. v. Sirius XM Radio Inc. ("Sirius")*, No. 17-184-JFB-SRF, 2021 U.S. Dist. LEXIS 42648, at *5 (D. Del. Mar. 8, 2021) (denying foreign deposition where objecting party "has not adequately established that the depositions of its German witnesses would be permitted to proceed to the full extent permitted under the Federal Rules of Civil Procedure."). CRRC refuses even to respond to Sun Group's inquiries regarding the length, transcript, use of exhibits, or ability to present questions in English at such a procedure. Sun Group cannot independently ascertain these issues, as it is unaware of any instance in the history of United States litigation in which a civil litigant has successfully conducted a discovery deposition in China pursuant to Hague procedures.

Prejudice to Sun Group is also established by virtue of CRRC's post-order attempt to obtain a full Rule 30 deposition of Plaintiff, while at the same time refusing to designate witnesses itself. This, too, prejudices Sun Group. *Sirius*, 2021 U.S. Dist. LEXIS 42648, at *5 ("courts generally conclude that it is unfair to restrict one party to the limited discovery procedures available under the Hague Convention while the other party "takes full advantage of the liberal discovery provisions of the Federal Rules.").

Sun Group also believes that a full opportunity to submit briefing on this issue will assist the Court by bringing forth sufficient evidence and law to make clear that CRRC's failure to make a designation is improper. Given the existence of Federal Rule 37(a)(3)(B)(ii) and Local Rule 7, Sun Group respectfully requests that those procedures be used to resolve this discovery dispute, which raises questions that cut to the very heart of United States litigation and procedural due process and concern matters that are beyond the scope of a short letter. *See* Fed. R. Civ. P. 83.

IV.     **CONCLUSION**

For the foregoing reasons, Sun Group respectfully requests leave to file a Rule 37(a)(3)(B)(ii) motion addressing CRRC's failure to make a designation under Rule 30(b)(6), under the procedures set forth in Local Rule 7.


Date:    October 7, 2021                          **GREER, HERZ & ADAMS, L.L.P.**


                                      By: /s/ _____
                                          ANDREW J. MYTELKA
                                          Attorneys for Plaintiff,
                                          SUN GROUP U.S.A. HARMONY CITY, INC.

                                          Andrew J. Mytelka (TX Bar 14767700)
                                          Joseph A.C. Fulcher (TX Bar 07509320)
                                          Joseph Russo (TX Bar 24002879)
                                          J. Scott Andrews (TX Bar 24064823)
                                          **GREER, HERZ & ADAMS, L.L.P.**
                                          One Moody Plaza, 18th Floor
                                          Galveston, TX  77550
                                          Telephone:    (409) 797-3200
                                          Fax:          (866) 422-3266
                                          *All Admitted Pro Hac Vice*


                                          Gregory S. Smith (DC Bar 472802)
                                          **LAW OFFICES OF GREGORY S. SMITH**
                                          Law Offices of Gregory S. Smith
                                          913 East Capitol Street, S.E.
                                          Washington, D.C.  20003
                                          Telephone:    (202) 460-3381
                                          Facsimile:    (202) 330-5229
                                          *Admitted Pro Hac Vice*

                                          James M. Wagstaffe (95535)
                                          Frank Busch (258288)
                                          **WAGSTAFFE, VON LOEWENFELDT,
                                          BUSCH & RADWICK LLP**
                                          100 Pine Street, Suite 725
                                          San Francisco, CA  94111
                                          Telephone: 415.357.8900
                                          Facsimile:  415.357.8910

ADMINISTRATIVE MOTION FOR LEAVE TO FILE FORMAL MOTION TO COMPEL

1

2                      **FILER'S ATTESTATION OF CONCURRENCE**

3          I, Frank Busch, pursuant to Local Rule 5-1(i), attest that I am counsel for Plaintiff Sun

4    Group U.S.A. Harmony City, Inc.  As the ECF user and filer of this document, I attest that

5    concurrence in the filing of this document has been obtained from its signatories.

6

7    Date:   October 7, 2021                    **WAGSTAFFE, VON LOEWENFELDT,**

8                                               **BUSCH & RADWICK LLP**

9
                                          By:  /s/
10                                             FRANK BUSCH
                                               Attorney for Plaintiff
11                                             SUN GROUP U.S.A. HARMONY CITY, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28